IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMMY S. OLLIE, and RYAN E. OLLIE, | |
| Plaintiffs, | **8:20CV330** |
| vs. | |
| NEBRASKA METHODIST HEALTH SYSTEM, INC., THE NEBRASKA METHODIST HOSPITAL, BRENT J TIERNEY, M.D.; PHYSICIANS CLINIC, INC., NICOLE SIMONS, R.N.; AUREUS NURSING, LLC, MEDICAL SOLUTIONS, LLC, and LEAH FRAUENDORFER, R.N.; | **MEMORANDUM AND ORDER** |
| Defendants. | |

        This matter is before the court on Defendants'[1] motion in limine to exclude certain opinions offered by Plaintiffs' expert. If Plaintiffs' expert's opinions are not excluded, Defendants request time to disclose an additional expert and to offer additional expert opinions. (Filing No. 112). Plaintiffs have filed a motion for leave to amend the complaint (Filing No. 116), and a motion to continue the trial (Filing No. 117). Each of these motions relates to whether certain opinions offered by Plaintiffs' expert during his deposition were timely disclosed. For the following reasons, Defendants' motion to limine will be granted and Plaintiff's motions to amend the complaint and to continue trial will be denied.

---

[1] Filing No. 112 is filed by Defendants Nebraska Methodist Health System, Inc. d/b/a Methodist Health System, The Nebraska Methodist Hospital, Physicians Clinic, Inc., d/b/a/ Methodist Physicians Clinic, and Brent J. Tierney, M.D. There are other Defendants in this case, who did not file or respond to the pending motions. Thus, for the purposes of this motion, the Defendants who filed the motion to exclude will be referred to collectively as "Defendants".

BACKGROUND

Plaintiffs served their expert designation and the report of Dr. Martin Gubernick on May 9, 2022, the deadline for complete expert disclosures under this court's case scheduling order. ([Filing No. 99](#)). In the expert report, dated May 6, 2022, Dr. Gubernick opined that the subject surgery[2] performed by Defendant Dr. Brent J. Tierney on Plaintiff Tammy Ollie on February 28, 2020, resulted in a "never event." This "never event," was the unintended retention of a surgical sponge which was discovered after the procedure. ([Filing No. 113-1 at CM/ECF pp. 3-4](#)). Dr. Gubernick opined that the retention of the sponge caused Tammy Ollie to sustain a "significant physical and psychological injury" and undergo an additional surgery to remove the sponge. He further asserted in the report that Plaintiff suffers from "significant adhesive disease," a condition which he opined would affect her for the rest of her life. ([Filing No. 113-1 at CM/ECF p. 4](#)).

When Dr. Gubernick was deposed on August 11, 2022, he testified that Tammy Ollie had a postsurgical "infectious process" from the retained sponge causing "adhesion formation." He also opined that the retained sponge or "lap pad" resulted in "inadequate visualization" of the surgical field, causing Dr. Tierney to improperly perform the procedure by failing to remove all of Tammy Ollie's cancer. Dr. Gubernick stated "more likely than not to a reasonable degree of medical certainty there was cancer left behind as a result of the failure to adequately explore the abdomen." ([Filing No. 113-2 at CM/ECF p. 23](#)). He opined that but for the retained sponge "her survival rate statistically would have been higher, and the duration of her being cancer free would have been longer." ([Filing No. 113-2 at CM/ECF p. 22](#)).

---

[2] Dr. Gubernick's report states that the surgery was a "exploratory laparotomy, total abdominal hysterectomy with bilateral salpingo-oophorectomy, tumor debulking surgery, and bilateral pelvic lymphadenectomy." ([Filing No. 113-2 at CM/ECF p. 3](#)).

On August 29, 2022, Defendants filed the instant motion in limine to exclude the portions of Dr. Gubernick's opinions that were disclosed in his deposition but not in the expert disclosure report. The deposition was taken after the court-ordered deadline for disclosing expert opinions. Plaintiffs did not timely file a brief or evidence in response to Defendants' motion to exclude the untimely opinions.

Instead, on September 13, 2022, Plaintiffs filed their motion for leave to amend the complaint, requesting to file a Fourth Amended Complaint "(a) to dismiss PCI without prejudice to refiling, and (b) to reflect the facts and opinions developed during discovery." (Filing No. 116 at CM/ECF p. 2). Plaintiffs also filed a motion to continue trial stating, "A continuance of the trial date will accommodate Defense Counsel's concerns regarding expert opinions and that the trial be held on the merits." (Filing No. 117).

A telephone conference was held with the parties and the undersigned magistrate judge on September 16, 2022. (Filing No. 121, audio file). Plaintiffs asked to file a brief in response to Filing No. 112. Defendants objected. Applying the local rules regarding briefing deadlines, and considering the pretrial conference was fast-approaching with trial only six weeks away, Plaintiffs' oral request to untimely file a brief and evidence was denied. Filing No. 112 was deemed fully submitted. (Filing No. 121, audio file at 19:00). The undersigned continued the pretrial conference to accommodate briefing of the pending motions to continue the trial and amend the complaint. (Filing Nos. 116 and 117). Defendants filed a response to Plaintiffs' motions on September 22, 2022. Plaintiffs filed no reply. The motions to continue and to amend the complaint are now fully submitted.

ANALYSIS

I.      Motion to Exclude or For Leave to Retain an Additional Expert

Fed. R. Civ. P. 26(a)(2)(B) requires parties designating expert witness testimony to disclose a report containing a complete statement of all opinions the witness will express and the basis for them. Fed. R. Civ. P. 26(a)(2)(D) requires parties to "make these disclosures at the times and in the sequence that the court orders."


This court entered a case management order setting progression deadlines. Those deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). In general, the court will not consider prejudice, or the lack thereof, if the movant has not been diligent in meeting the scheduling order's deadlines. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Id.; Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006). While a "district court has broad discretion in establishing and enforcing the deadlines," (Marmo, 457 F.3d at 759), the good cause standard in Rule 16(b)(4) is not optional. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008).

Having reviewed the testimony of Dr. Gubernick, the opinions that the retained sponge caused an infection and that inadequate visualization of the surgical field resulted in cancer being left behind, negatively impacting Tammy Ollie's life expectancy, were not disclosed in Dr. Gubernick's report and they were not disclosed prior to the deadline set in this court's orders. (See Filing No. 99). These opinions, if allowed, would modify the duty of care and causation theories in this case. Plaintiffs have presented no showing of good cause for an extension of the expert disclosure deadline: that is, they have not explained why all of Dr. Gubernick's opinions could not have been timely disclosed in his report. Accordingly, Defendants' motion to exclude Dr. Gubernick's opinions which were not disclosed in his report must be granted. Petrone v. Werner Enterprises, Inc., 940 F.3d 425, 434 (8th Cir. 2019) (holding the trial court committed reversible error where there was no good cause to permit the late disclosure of new expert opinions after the court-imposed deadline under Rule 16).

II.     Plaintiff's Motions to Amend the Complaint and to Continue Trial

As set forth in Filing No. 62, "The deadline for moving to amend pleadings or add parties is October 4, 2021." On December 8, 2021, Plaintiffs filed an unopposed motion for leave to file an amended complaint and Plaintiff's Third Amended Complaint was filed on December 9, 2021. (Filing Nos. 74, 75, 76). While the court granted this unopposed motion, it did not set a new deadline for amending pleadings—the deadline expired on October 4, 2021.

Fed. R. Civ. P. 15(a)(2) provides that once the time for pleading as a matter of course has expired, amendments to the pleadings are allowed only with the written consent of the opposing party or leave of the court. In general, courts are encouraged to allow amendments liberally. (See Shen v. Leo A Daly Co., 222 F.3d 472, 478 (8th Cir. 2000)). But where, as in this case, the court has entered a case scheduling order setting a deadline for moving to amend pleadings, the good

cause standard in Rule 16 is applicable. Sherman v. Winco Fireworks Inc., 532 F.3d 709 (8th Cir. 2008) (explaining the distinction between Rules 15 and 16).

As with the failure to timely disclose Dr. Gubernick's additional opinions, Plaintiffs have failed to show good cause why the complaint should now be amended, and the trial continued, to accommodate those new theories and allegations. So as with the motion to strike Plaintiffs' untimely disclosed expert opinions, the motion to amend and the motion to continue the trial must be denied under Rule 16(b)(4).

Even if the court applied a Rule 15 analysis, the decision on whether to allow a party to amend its complaint under Rule 15 is left to the "sound discretion of the district court." Popoalii v. Correctional Medical Services, 512 F.3d 488 at 497 (8th Cir. 2008). "When late tendered amendments involve new theories of recovery and impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion" in denying a motion to amend. Id.

Here, Plaintiffs have requested leave to file a Fourth Amended Complaint which alleges new elements to the negligence claim; specifically, that Dr. Tierney had a duty to remove all visible metastatic disease, "failed to adequately inspect the surgical field for visible metastatic disease," and "failed to remove all visible disease within the surgical field." (Filing No. 116 at CM/ECF pp. 15-16, 18). Plaintiffs also move to add that Defendants are jointly and severally liable for "'obvious' retained metastatic disease." (Filing No.116 at CM/ECF p. 18).[3]

---

[3] The court notes that while Plaintiffs filed a proposed amended pleading, it does not clearly identify the proposed amendments as required by NECivR 15.1 and the amendments are not specifically identified in Plaintiffs' motion. Accordingly, there may be additional substantive changes beyond what was evident in a side-by-side comparison of the Third Amended Complaint, and proposed Fourth Amended Complaint.

Plaintiffs' proposed amended complaint includes facts and allegations not included in the original complaint or in any of the three previous amended complaints, and which are related to the facts and allegations untimely disclosed by Dr. Gubernick. Allowing these amendments would require re-opening discovery and delay a trial set to begin within a month, all with no showing of why Plaintiffs could not have disclosed the new allegations and opinions by the court-ordered deadline.

Accordingly, under the circumstances presented, the motion to amend and motion to continue the trial will be denied under both Rules 15 and 16.

IT IS ORDERED:

1) Defendants' motion in limine to exclude the opinions Dr. Gubernick expressed during his deposition that were not included in his report is granted as set forth above. (Filing No. 112).

2) Plaintiffs' motion to amend the complaint is denied. (Filing No. 116).

3) Plaintiffs' motion to continue trial is denied. (Filing No. 117).

Dated this 29th day of September, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge